THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN HEERMANCE et al., Constituting the State Board of Tax Commissioners, Appellants, *v.* ADDISON E. DEDERICK, as Assessor of the City of Kingston, Respondent.

TAX — EXEMPTION OF DEPOSITORS IN SAVINGS BANKS FROM TAXATION ON DEPOSITS.   The exemption from taxation conferred by the Tax Law (L. 1896, ch. 908) upon "the deposits in any bank for savings which are due depositors," applies to the depositors, as well as to the bank, and relieves them from assessment for taxation as to their deposits.

*People ex rel. Heermance* v. *Dederick*, 35 App. Div. 29, affirmed.

(Argued February 27, 1899; decided March 14, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

December 5, 1898, affirming an order of Special Term deny-
ing a motion for a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*John C. Davies, Attorney-General,* and *J. Newton Fiero*
for appellants.   The burden of showing exemption from taxa-
tion is upon the party claiming such exemption, since all prop-
erty is liable to taxation unless exempted by law.  (*People ex
rel.* v. *Peck*, 157 N. Y. 51.)   The Tax Law, neither in terms
nor by necessary implication, exempts personal property other-
wise liable to taxation, by reason of the fact that it is on
deposit in a bank for savings.  (*People ex rel.* v. *Davenport*,
91 N. Y. 574; *Bell* v. *Mayor, etc.*, 105 N. Y. 139; L. 1892,
ch. 677, § 32; L. 1894, ch. 448.)   There should be no strained
construction of the law upon the ground of assumed public
policy so as to exempt depositors from payment of taxes upon
moneys deposited, since such policy would not be in the inter-
ests of the public, but, on the contrary, against the rule which
requires equality of taxation.  (*Matter of Haight*, 32 App.
Div. 496.)   The weight of authority upon this subject favors
the assessment of depositors upon their deposits in savings
banks.  (*People ex rel.* v. *Coleman*, 135 N. Y. 231.)

*George W. Wickersham* and *John W. Searing* for respond-
ent.   Depositors in savings banks are expressly exempted from
taxation by the language of the statute.  (L. 1896, ch. 908,
§ 4; 35 App. Div. 29; *People* v. *M. & T. S. Inst.*, 92 N. Y.
7; *Fowler* v. *B. S. Bank*, 113 N. Y. 450; *Jemison* v. *C. S.
Bank*, 122 N. Y. 135; *People ex rel.* v. *Peck*, 22 Misc. Rep.
477; 157 N. Y. 51; *Savings Bank* v. *Archibold*, 104 U. S.
708.)   The language of the statute is meaningless, unless it
be held to protect the depositors from taxation on the amount
of their respective deposits.  (*People ex rel.* v. *Barker*, 154
N. Y. 122; L. 1896, ch. 908, art. 2, § 21.)   The history of
the exemption affords  clear evidence of a legislative intent to
exempt the depositors — not to confer an unnecessary and mean-
ingless protection upon the banks.  (*People* v. *Dolan*, 36 N.

**416**   People ex rel. Heermance *v.* Dederick.   [Mar.,

Opinion of the Court, per Gray, J.          [Vol. 158.

Y. 59; *O. Bank* v. *Bunnell*, 10 Wend. 186; *M. Ins. Co.* v. *Bd. Suprs.*, 4 N. Y. 442; *People* v. *Bd. Suprs.*, 16 N. Y. 424; *People ex rel.* v. *Beers*, 67 How. Pr. 219; *M. Bank* v. *New York*, 121 U. S. 160.) The declaration that the depositors are exempted by statute from taxation on their deposits follows as a necessary corollary from recent decisions of this court. (*People ex rel.* v. *Barker*, 154 N. Y. 122; *People ex rel.* v. *Peck*, 157 N. Y. 51.) The language of the entire subdivision expresses a clear legislative intention to exempt from taxation the savings of the poor, provisions made by thrift and economy against misfortune and death. This beneficent purpose should not be thwarted by hypercritical construction of language used to express it. (23 Am. & Eng. Ency. of Law, 439; *Wakefield* v. *Fargo*, 90 N. Y. 213; L. 1896, ch. 908, § 4, subd. 14; L. 1892, ch. 689, art. 6.) The exemption created by the statute is merely the evidence of a continuing legislative purpose, to encourage thrift and economy, and to foster institutions which are established for the promotion of such objects. (*M. Bank* v. *New York*, 121 U. S. 138; *Hun* v. *Cary*, 82 N. Y. 65; L. 1819, ch. 62; *Matter of N. S. Inst.*, 28 N. J. Eq. 552; *People U. C. S. Inst.*, 64 Hun, 434; *Burrill* v. *Sav. Bank*, 92 Penn. St. 134; *D. Bank* v. *Davenport*, 123 U. S. 83; *Bank of Redemption* v. *Boston*, 125 U. S. 60; *People* v. *B. T. Co.*, 139 N. Y. 185.)

Gray, J. This case presents the converse of the proposition, which we had before us in the *Newburgh Savings Bank Case* (157 N. Y. 51); where it was sought by the assessor of the city of Newburgh to assess the savings bank as to its surplus funds. Here the endeavor is, on the part of the taxing authorities, to assess the depositors in the savings banks of the city of Kingston for the amount of their deposits. In the former case referred to, we held that there could be no assessment under the statute and, in the course of the opinion, it was pointed out that the provisions of the Banking Law made it clear that every interest in the funds held by a savings bank is vested in the depositors; that the

bank acquires no interest therein and is deemed to hold what property it has for the benefit of depositors only. The language of the exemption clause in question, (Sub. 14 of sec. 4 of chap. 908, Laws of 1896), is to be taken as referring to the property itself, which the bank is holding and managing. It is "the deposits· in any bank for savings which are due depositors," which the law exempts from taxation and it is quite immaterial whether we say that the property so exempted consists in the indebtedness of the bank to its depositors, or that it is the fund itself which is withdrawn from the operation of the Tax Law. Clearly, the corporation is not subject to assessment, either upon the principle that it has no property in its deposits, or because, under the provisions of the Tax Law, any assessment as to its personal property would be offset by the authorized deduction of its liabilities; which, as we saw in the *Newburgh Savings Bank* case, covered everything which it held. Therefore it would seem, logically, to follow that the statutory exemption applies, and was intended to apply, to depositors in savings banks and to relieve them from assessment for taxation as to their deposits.

The discussion in the *Newburgh Savings Bank* case and the opinion in the Appellate Division below render it unnecessary, in my judgment, to discuss this question further.

The order should be affirmed, without costs.

All concur, except PARKER, Ch. J., and HAIGHT, J., who take no part.

Order affirmed.