In the Matter of EMIGRANT INDUSTRIAL SAVINGS BANK, Petitioner, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Respondents.

First Department, November 3, 1944.

*John E. McAniff* of counsel (*Joseph A. Doran* with him on the brief; *Edwin A. Berkery,* attorney), for petitioner.

*Samuel J. Warms* of counsel (*Edmund B. Hennefeld* and *Arthur H. Goldberg* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondents.

Dore, J. The issue is whether a savings bank's receipts from hotels taken in foreclosure are taxable under local laws imposing a business tax on receipts from commercial activities but specifically exempting receipts from the " services and transactions " of mutual savings banks. (Local Laws, 1937, No. 22 of City of New York, Local Laws, 1938, No. 20 of City of New York.)

Petitioner, a mutual savings bank, existing under the provisions of article 6 of the Banking Law, acquired three hotels by referee's deed or deed in lieu of foreclosure and held, owned and operated the properties during the tax periods in issue but did not file returns or pay taxes under the local laws. After hearings, the Comptroller confirmed deficiencies against the bank on receipts from the hotels. The bank seeks to review the determination. Special Term transferred the proceedings to this court under section 1296 of the Civil Practice Act.

So far as relevant to this appeal, Local Law No. 22, section 2, of 1937, imposed a tax, for the privilege of carrying on business in the City of New York, upon all receipts from commercial activities. Section 1, subdivision (c), defined such taxable receipts as " gross receipts received * * * by reason of * * * services rendered or commercial or business transaction had in, the city of New York, * * * but shall not include receipts from * * * services or transactions hereinafter in schedule A specified." Schedule A, *inter alia*, specifically exempted receipts from " Services and transactions of * * * mutual savings banks subject to the provisions of " article 6 of the Banking Law. Local Law No. 20 of 1938 (adding tit. O to ch. 41 of Administrative Code of City of New York) has the same provisions.

By reason of the exemption, the bank contends the tax is not imposed on receipts from its hotel properties.

The City contends that the exemption must be limited to what it calls the ordinary and normal operation of a savings bank, viz., receipt of deposits and of interest on loans and mortgages; that the Municipal Assembly could not have intended to exempt a bank's receipts from hotel operations, a commercial enterprise competing with business of a similar character not operated by banks; that the bank should have leased the hotel properties as units and permitted lessees to operate them; and that the bank's operation is or may be *ultra vires.*

Article 6 of the Banking Law, so far as relevant, provides that any savings bank under its general powers shall have the power to " acquire, hold, lease and convey real property " (§ 234, subd. 3). Section 235 provides that savings banks may invest in bonds and " mortgages on improved and unencumbered real property in this state * * * " (subd. 6). Section 235 further provides that savings banks may " purchase or acquire " real estate " at sales under judgments, decrees, or mortgages held by it "; or, in lieu of foreclosure, " may purchase a deed to the underlying real property ", but real estate so acquired must be sold within five years unless the Superintendent of Banks extends the time within which such sales may be made. [§ 235, subd. 9, par. (a), cls. (3) (4); subd. 9, par. (c), cl. (2).]

The bank invested funds in first mortgages on the three hotels in question and, to protect its investments when the mortgages were in default, was compelled to take title to the hotels. Under its general powers (§ 234) the bank has the power to " acquire " and " hold " real property. Section 235 expressly allows a bank to " purchase " real estate at sales under judgments or by deeds

in lieu of foreclosure. These powers the bank exercised when it acquired and held the hotel properties in question. In so doing it acted within its statutory powers.

The defense of *ultra vires* was not pleaded or presented at the hearings but raised for the first time before this court. Under the law of this State such defense must be pleaded. (*Richmond Co. Soc. P. C. C.* v. *City of N. Y.*, 73 App. Div. 607, 610; *Gordon Malting Co.* v. *Bartels Brewing Co.*, 206 N. Y. 528, 538; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430, 435.)

The City's contention that the exemption of "transactions" of savings banks is limited to so-called normal banking transactions such as receipt of deposits and interest on loans, and does not apply to the receipts in issue, is without basis in the Local Law. That law imposes a tax on gross receipts for services rendered in connection with commercial transactions in the city of New York. It then expressly exempts from such taxable gross receipts "services and transactions of * * * mutual savings banks". The law was passed by the Municipal Assembly in 1937, at a time when it is a matter of common knowledge that most banks in this jurisdiction, including savings banks, had been compelled by reason of the then prolonged real estate depression to take over a great many apartment houses, apartment hotels and hotel properties. Especially where the taxing power is, as here, delegated, the law should not be interpreted contrary to basic principles of construction applicable to taxing statutes.

The imposition of taxes and the granting of exemptions therefrom are legislative, not administrative functions. In *Matter of Good Humor Corporation* v. *McGoldrick* (289 N. Y. 452, 455), the Court of Appeals, holding the city sales tax not applicable, restated that settled law as follows: "The determination of what articles or transactions are taxable is a legislative function. It is not the function of an administrative officer to determine where the line shall be drawn which divides the field subject to taxation from the field where no tax has been imposed. That line must be drawn by statute or ordinance. The tax authorities have power only to determine whether an article comes within the field selected in the ordinance for taxation. Where the facts are not disputed, the question whether a particular article falls within that field is a question of law."

Here the facts are not in dispute. On the issue before us, the statute is unambiguous and explicit. In *People ex rel. Doctors Hospital* v. *Sexton* (267 App. Div. 736, 743) this court held: "The principle that exemptions from taxation are to be strictly

construed is invoked by respondents. However, where, as here, the rule of strict construction would thwart the very command of the statute, such a rule would obviously have no application."

The identical terms used in the Local Laws to exempt savings banks are also used to exempt " transactions " of the City, the State of New York, the World's Fair Corporation and charitable and religious corporations. (Local Laws, 1937, No. 22 of City of New York, § 1, Schedule A, Local Laws, 1938, No. 20 of City of New York [see Administrative Code of City of New York, § 041-1.0, Schedule A].) There is no indication of legislative intent to grant by identical terms one type of exemption to the City, State, charitable and religious corporations and the World's Fair, and another and more restricted exemption to savings banks.

In *People ex rel. Newburgh Sav. Bank* v. *Peck* (157 N. Y. 51, 56) construing a tax law which exempted " deposits " in savings banks and holding that such deposits included the bank's surplus, the court said: " This argument depends upon a narrow reading of the exemption clause and fails to take into consideration the legal status of the savings bank and of its depositors."

The City's claim that the Municipal Assembly never intended to exempt commercial transactions of banks that compete with other similar businesses not operated by banks is a misapprehension of settled law regarding taxes and exemption therefrom; that claim has been repeatedly made and repeatedly rejected by the courts. In *Matter of Sailors' Snug Harbor of N. Y.* v. *McGoldrick* (255 App. Div. 64) the court annulled sales taxes imposed by the City on an exempt semipublic institution. The City contended that the institution was subject to the tax because in the matter taxed it was competing with other real estate owners; and urged that it should clearly be assessed on profits from the sale of electric current to tenants in loft buildings, since to exempt it was to impose an unconscionable discrimination against other owners of real estate. This court said: " The Sailors' Snug Harbor is a semi-public charitable institution within the meaning of the local law and consequently, pursuant to the provisions thereof, its receipts from sales or services are tax exempt." The City made the same claim on appeal, but the Court of Appeals affirmed (280 N. Y. 537). In *Matter of New York University* v. *Taylor* (251 App. Div. 444, affd. 276 N. Y. 620) a similar argument was made and rejected in connection with the sales tax claimed to be applicable to sales in a book store conducted by New York University.

Under Schedule A of section 1 of Local Law No. 22 of 1937 and a similar schedule contained in Local Law No. 20 of 1938, "rents derived from real estate" are also expressly exempt from the tax. Hence it cannot be said the Municipal Assembly intended to exempt only the receipt by the bank of deposits and the receipt of interest on loans and mortgages.

There is no merit to the contention that the bank should have leased the entire building to an operator but should not operate the properties and lease individual rooms or suites to tenants. The operation of a hotel consists essentially in the renting of rooms and suites; other services rendered to guests are merely incidental to that main function.

The City's attempt to read into an unqualified general exemption, restrictions and limitations not found therein is in effect a claim that the legislative body gave administrative officials discretion to determine the scope of an exemption which by its terms is unrestricted. We find no support for the City's contentions in the Local Laws, the decisions of the courts or the settled rules of construction applicable to taxing statutes.

The Comptroller's determination should be annulled, with fifty dollars costs and disbursements, and the Comptroller directed to return to petitioner the amount deposited, with interest.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Determination unanimously annulled, with fifty dollars costs and disbursements to the petitioner, and the Comptroller of the City of New York directed to return to petitioner the amount deposited, with interest. Settle order on notice.