426

George Earl Hoffman, U. S. Atty., of Pensacola, Fla., and John W. Manley, and Marvin J. Sonosky, Attys., Department of Justice, both of Washington, D.C., for the United States.

J. Tom Watson, Atty. Gen., of Florida, and George M. Powell and Lamar Warren, Asst. Attys. Gen., for defendants.

LONG, District Judge.

On the 19th day of September, 1944, the complainant, United States of America, filed its complaint in this court, which in substance alleges that complainant is the owner and in possession of some 13,000 acres of land in Okaloosa County, Florida; that the defendants have taxed the property for the years 1941, 1942 and 1943 and threatened to continue to levy a tax upon this property for the years subsequent.

The complainant prays for process, the issuance of an injunction to restrain the levy and collection of the tax for the removal of the cloud upon its title caused by this levy and assessment, and the cancellation of tax certificates issued as a consequence thereto, and for general relief.

A motion to dismiss the complaint was filed October 9, 1944, upon the ground that the Court lacks jurisdiction, because this is a suit to enjoin, suspend, or restrain the assessment, levy, or collection of a tax imposed by or pursuant to the laws of the State of Florida, there being a plain, speedy, and efficient remedy available to complainant in the courts of said State.

This motion is, of course, predicated upon the amendment to the Act of August 21, 1937, Jud.Code § 24(1), 28 U.S.C.A. § 41 (1), which provides that no district court shall have jurisdiction of any suit to enjoin the collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy and efficient remedy may be had at law or in equity in the courts of that State.

It is fundamental that property owned by the United States government is immune from taxation and before a district court can be deprived of its jurisdiction, in cases of this character, it must appear not only that a speedy and efficient remedy is available to the government in the courts of the State of Florida, but it must also appear that the assessment levy or collection of a tax was imposed by or pursuant to the laws of the State of Florida. It is conceded that there exists in Florida a plain, speedy and efficient remedy available to complainant in the Court of the State. This suit is brought because of an

effort on the part of the officers of a political subdivision of the State of Florida to impose a tax in direct disobedience of a statute of the State which exempts property of the United States from taxation, Sec. 192.06(1) Fla.Stat.Ann., and by this act to cast a cloud upon the title of the government to this large acreage in Okaloosa County. Surely it could not have been the intention of Congress to close the doors of the district courts and to shut off their power to protect federal property specifically granted where a political subdivision of the State, through its officers, is attempting by its illegal act to cloud the title of the government to its property. This court does not view the complainant in this case as an ordinary suitor, and does not construe the act to apply to the United States, since it is not specifically included therein, more especially where the purpose of the suit is to preserve its property.

There is an expression by the Circuit Court of Appeals in the case of Board of Commissioners of Pawnee County, Oklahoma v. United States, 10 Cir., 1943, 139 F. 2d 248, 250:

"Although the language used to restrict the federal court jurisdiction is broad and unequivocal, it does not by its terms specifically mention the United States, and it is seriously questioned whether the restrictive provisions of the Amendment were intended to apply to suits brought by the United States."

It may be that the above statement by the Court was obiter, as the case was decided because of the fact that the Court was convinced that a plain, speedy and efficient remedy at law or in equity was not available in the courts of the State of Oklahoma. This expression of the court, however, is to be given consideration in view of the holding in the case of City of Springfield v. United States, 1 Cir., 1938, 99 F.2d 860, 862, decided subsequent to the Amendment, in which the court said, after holding that the action at law was not available in the courts of that State, "and, further, it does not appear that the amendment to § 24 applied to the United States, since it is not specifically included therein." This expression by the Circuit Court of Appeals is not obiter, but a solemn pronouncement of the law which this court must follow.

The motion to dismiss for want of jurisdiction is denied, and the appropriate order will be entered.