**UNITED. STATES v, 68,716 SQUARE FEET OF LAND IN CITY OF NEW YORK, BOROUGH AND COUNTY OF BRONX NEW YORK et al.**

District Court, S. D. New York.
Aug. 26, 1948.

Harry T. Dolan, Sp. Asst. to the Atty. Gen. of the United States (John A. Jor-dan, Sp. Atty. Department of Justice, of New York City, of counsel), for plaintiff.

John P. McGrath, Corporation Counsel, of New York City (William F. Murphy, Morris Handel and Ira Wollison, all of New York City, of counsel), for defendants.

MEDINA, District Judge.

The controversy presented by the Government's petition for a declaratory judgment and the cross motion of the City of New York to dismiss for lack of jurisdiction and for failure to state a claim for relief, centers upon the legality of the action of the City authorities in determining on January 25, 1944 that the new hospital of the Lebanon Hospital Association of the City of New York on the Grand Concourse in the Bronx was no longer tax exempt by reason of its seizure by the Government in the above entitled condemnation proceeding. The hospital was taken over on July 7, 1943, and the War Department vacated the premises and returned them to the Lebanon Hospital Association on January 4, 1946, the estate condemned having been solely one of possession and exclusive use and occupancy. In the interval the hospital was used by the Government solely for hospital purposes for the benefit of the Armed Forces. Exclusive of interest and penalties, the taxes thus assessed by the City of New York, during the period of government occupancy, amount to $92,300.00.

In order to avoid unnecessary litigation and expense, a stipulation was entered into between the Government and Lebanon Hospital Association on June 26, 1945 which provided for the amounts to be paid by the Government and this stipulation in substance provided that the Government should be liable for real estate taxes, such as those involved in this controversy, and that the Lebanon Hospital Association would not be liable; it was also provided that the validity of such taxes would "be contested by the petitioner" and that the hospital would give any necessary assistance and cooperation. Accordingly, an interlocutory order was made by Judge Bright on June 30, 1945 implementing the terms of the stipulation and providing that

all questions relating to real estate taxes be disposed of as provided in the stipulation. The condemnation proceeding is still open and no final adjudication has been made.

The substance of the prayer for relief is that it be adjudged that the taxes levied against the property by the City of New York are illegal and void, that the United States is not required to pay any part of said taxes as an element of just compensation to the Lebanon Hospital Association for its use and occupancy of the property, that the tax liens be expunged from the records and that a permanent injunction issue against the City of New York, restraining it from attempting to enforce or foreclose the liens and collect the amount of the taxes or any part thereof.

The crux of the claim of lack of jurisdiction is that 28 U.S.C.A. § 41(1), as amended in 1937, 50 Stat. 738, provides: "Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

There is here no specific reference to the United States nor does there seem to be any reason of policy or justice to support the view that the District Courts of the United States are or should be wholly without jurisdiction to pass upon the validity or legality of state taxes at the suit or upon the petition of the United States. So to rule would be to announce a new and mischievous doctrine which would seem inevitably to point toward unnecessary complications and embarrassment. For, if the District Courts lack jurisdiction to issue injunctions in such cases, it seems that they could scarcely with propriety make a declaration of rights, which would bind the parties and have precisely the same effect as an injunction. Collier Advertising Service v. City of New York, D.C.S.D.N.Y.1940, 32 F.Supp. 870, 872; 3 Moore, Federal Practice 3216 (1938). But see Morrison-Knudsen Co. v. State Board of Equalization, D.C.Wyo.1940, 35 F.Supp. 553.

The legislative history of the 1937 amendment, Sen.Rep.No.1035, 75th Cong., 1st Sess.(1937); H.R.Rep.No.1503, 75th Cong., 1st Sess.(1937); 81 Cong.Rec.1415–17 (1937), indicates that Congress made this change to prevent large corporations from using federal injunctions to hinder the collection of state taxes. There is nothing whatever in the committee reports or in the debates to indicate that it was the intention of Congress to limit or restrict the granting of relief to the United States as a plaintiff in its own courts.

Substantially the same question was before the Supreme Court in United States v. United Mine Workers of America, 1947, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884. There also the terms of the statute were broad and general; but, despite the fact that it divested pre-existing rights or privileges, it contained no express words making it applicable to the sovereign. The rule of construction had been so often discussed and reaffirmed, in the absence of extraneous and affirmative reasons for believing that the sovereign should be deemed subject to the restrictive statutes involved, that the Court found that Congress must be deemed to have had it in mind when the statute was passed. 330 U.S. 272, 273, 67 S.Ct. 685. Furthermore, in the present case as in that of the United Mine Workers there are "no evident affirmative grounds for believing that Congress intended to withhold an otherwise available remedy from the Government as well as from a specified class of private persons." 330 U.S. 270, 67 S.Ct. 684. Indeed, the legislative background and all the attendant circumstances indicate that there was no such intent.

■ Accordingly, on the question of jurisdiction I conclude that United States v. United Mine Workers of America, 1947, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884, is controlling; and I follow those dicta, Board of Comm'rs of Pawnee County, Oklahoma v. United States, 10 Cir., 1943, 139 F.2d 248, 250; City of Springfield v. United States, 1 Cir., 1938, 99 F.2d 860, 862, and holdings, United States v. Woodworth, D.C.W.D.N.Y.1945, 60 F.Supp. 844; Unit-

ed States v. Okaloosa County, D.C.N.D. Fla.1945, 59 F.Supp. 426, which do not construe 28 U.S.C.A. § 41(1), as amended, 50 Stat. 738 (1937), to deprive this Court of jurisdiction to issue injunctions at the suit of the United States.

The City's motion to dismiss for lack of jurisdiction is denied.

■ Though the Court has jurisdiction, it may in its discretion decline to render a declaratory judgment. Brillhart v. Excess Insurance Co. of America, 1942, 316 U.S. 491, 494, 495, 62 S.Ct. 1173, 86 L.Ed. 1620; Ætna Casualty and Surety Co. v. Quarles, 4 Cir., 1937, 92 F.2d 321, 323, 324; Borchard, Declaratory Judgments 312–314 (2d ed. 1941).

"The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts," Matthews v. Rodgers, 1932, 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447, has rendered them hesitant to interfere with a state's carrying out of its domestic policy, Burford v. Sun Oil Co., 1943, 319 U.S. 315, 317, 318, 63 S.Ct. 1098, 87 L.Ed. 1424; Pennsylvania v. Williams, 1935, 294 U.S. 176, 185, 55 S.Ct. 380, 79 L. Ed. 841, 96 A.L.R. 1166; Matthews v. Rodgers, supra, and weighs heavily in the discretionary denial of a declaratory judgment as to the validity of state taxes. Great Lakes Dredge & Dock Co. v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407.

■ The considerations in favor of the Court's discretionary allowance of a declaratory judgment are these. The United States is constitutionally bound to compensate the Lebanon Hospital Association for the use and occupancy of its property, U.S.Const. Amend. V, which, as the records of the Tax Assessor of the City of New York show, led to its restoration to the tax rolls. Therefore, regardless of the stipulation between the United States and the Lebanon Hospital Association, the United States must compensate for the increased tax burden, provided that it is properly laid. The District Court, which has jurisdiction of condemnation suits, 40 U.S.C.A. § 257, determines what compensation is just. It is entirely proper that, when the amount of compensation is dis-

puted, the United States, by a petition for a declaratory judgment, should invoke that Court's aid in ascertaining what it is bound to pay. The United States may thus rightfully ask whether the tax is properly laid, and the Court may inquire into the relations between the one compensated and a third party, when that third party is before the Court and compensation is contingent upon the validity of the acts of such third party. Furthermore, the City of New York is and has from the beginning been a party to this proceeding and the Lebanon Hospital Association joins in the United States' petition. All parties "who ought to be heard or bound," Borchard, Declaratory Judgments 299 (2d ed. 1941), are before the Court, and a declaratory judgment here "will serve a useful purpose in stabilizing legal relations." Borchard, op. cit. supra, at 296.

■ The latter considerations seem more weighty. I think it would be too deferential to the independence of state governments to require the United States to sue in the New York State courts— where it may have no standing to sue, since it is not the fee owner of the hospital property—, or to await the outcome of a suit which the Lebanon Hospital Association would institute in the state courts, when this Court may more expeditiously determine what compensation is just. Moreover, it is to be borne in mind that the amount of interest charges and penalties involved run to very large figures.

Having reached the conclusion that a declaration of rights should be made, there remains the question of law as to the legality and validity of the tax assessments and liens. There is no dispute on the facts and counsel have stated that there is no occasion for setting the case down for a plenary hearing.

■ On the merits, New York law alone is controlling. Accordingly, Riverside Military Academy v. Watkins, 1944, 155 Fla. 283, 19 So.2d 870; Id., 1945, 156 Fla. 398, 23 So.2d 386; and Baker v. Town of West Hartford, 1920, 94 Conn. 583, 109 A. 810, while interesting, are not applicable.

■ According to New York law, "The imposition of taxes and the granting of ex-

emptions therefrom are legislative, not administrative, functions." Emigrant Industrial Savings Bank v. McGoldrick, 1st Dept.1944, 268 App.Div. 277, 280, 50 N.Y. S.2d 955, 957. "It is not the function of an administrative officer to determine where the line shall be drawn which divides the field subject to taxation from the field where no tax has been imposed. That line must be drawn by statute or ordinance." Good Humor Corporation v. McGoldrick, 1943, 289 N.Y. 452, 455, 46 N.E.2d 881, 882. "Assessors cannot acquire jurisdiction to make * * * assessments by determining that they have it, and their authority to act must always depend upon the existence of the jurisdictional facts described in the statute." McLean v. Jephson, 1890, 123 N.Y. 142, 146, 25 N.E. 409, 410, 9 L.R.A. 493. "If taxing officers act without jurisdiction, their acts are illegal and void," Dun & Bradstreet v. City of New York, 1937, 276 N.Y. 198, 206, 11 N. E.2d 728, 732, and this is so even where jurisdiction to tax turns upon valuation, which would seem to be within the peculiar competence of assessors. Elmhurst Fire Co. v. City of New York, 1914, 213 N.Y. 87, 106 N.E. 920. Compare Prosser v. Secor, N.Y.Sup.Ct.1849, 5 Barb. 607, with Weaver v. Devendorf, N.Y.Sup.Ct. 1846, 3 Denio 117.

The controlling statute is N.Y.Tax Law, Consol.Laws, c. 60, § 4, which, during the period of government occupancy, provided that the following property shall be exempt from taxation:

"6. The real property of a corporation or association organized exclusively for * * * charitable, benevolent, * * * hospital, infirmary * * * purposes, * * * or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes. * * * The real property of any such corporation not so used exclusively for carrying out thereupon one or more of such purposes but leased or otherwise used for other purposes, shall not be exempt * * * provided, however, that a lot or building owned and actually used for hospital purposes, by a free public hospital, depending for maintenance and support upon voluntary charity, shall not be taxed as to a portion thereof leased or otherwise used for the purposes of income, when such income is necessary for, and is actually applied to the maintenance and support of such hospital * * *."

The Lebanon Hospital Association was organized for hospital purposes, and its property has always been "used exclusively for carrying out thereupon" those purposes, and particularly during government occupancy, when the hospital's normal 200 bed capacity was increased to 800. By the express provisions of the statute, Lawrence–Smith School v. City of New York, Sup.Ct.1938, 166 Misc. 856, 858, 2 N.Y.S.2d 752, 755, affirmed, 1st Dept.1938, 255 App.Div. 762, 7 N.Y.S.2d 486, affirmed, 1939, 280 N.Y. 805, 21 N.E.2d 693, the property seems clearly exempt; the taxes were illegally imposed; and the assessments and liens were void ab initio.

The most curious feature of the case is that counsel for the City of New York have been unable to suggest any plausible or even colorable excuse for the removal of the tax exemption and the restoration of the property to the tax rolls. No reliance is placed upon the mere fact that against the will of the Lebanon Hospital Association its hospital was used and operated by the Government and not by itself. And the sole reason given, namely, that some of the soldiers who received medical or surgical treatment at the hospital during government occupancy might have been non-residents of the State of New York, seems frivolous. The controlling and decisive facts were that the property was at all times owned by a corporation organized solely for the purpose of "the establishment, support and management" of a hospital and that the property was at all times maintained and used solely as a hospital. Nothing in the New York Constitution or the New York Tax Law or the New York decisions gives the slightest scintilla of support to the contention that the tax exemption of hospital property would be lost if one or more non-residents of the State of New York should be admitted and cared for.

The City's motion to dismiss for failure to state a claim for relief is denied, and a declaratory judgment is rendered in ac-

cordance with paragraphs 3, 4 and 5 of the prayer for relief in the United States' petition.

 The facts do not warrant the issuance of an injunction against the City. In so far as concerns the United States such relief is unnecessary. It would be helpful to the Lebanon Hospital Association, for it would conclusively end the Association's uncertainty in its relations to the City and the mortgagees of its property, to whom the City's tax lien is disturbing. But the City has not been shown to have proceeded against the property, and if it did, the decision here as to validity of the taxes would be res judicata between it and the Association, State of Texas v. State of Florida, 1939, 306 U.S. 398, 412, 59 S.Ct. 563, 830, 83 L.Ed. 817, 121 A.L.R. 1179; Borchard, Declaratory Judgments 438 (2d ed. 1941); Restatement, Judgments § 77 (1942), they being adversary parties. Restatement, Judgments § 82 (1942). Absent any showing to the contrary, I shall not presume that the City, outside of appealing it, will fail to respect the declaration I have made. Socony-Vacuum Oil Co. v. City of New York, 1st Dept.1936, 247 App.Div. 163, 168, 287 N.Y.S. 288, 293, 294, affirmed 1936, 272 N.Y. 668, 5 N.E.2d 385; Borchard, Declaratory Judgments 435–438 (2d ed. 1941). Further relief may be sought if it becomes necessary. 28 U.S.C.A. § 400(2).

Settle order on notice.