ISAIAH BAKER, JR., *vs.* THE TOWN OF WEST HARTFORD.

First Judicial District, Hartford, May Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and BURPEE, Js.

Chapter 205 of the Public Acts of 1911, exempting from taxation, for a period of not more than twenty years, lands planted with forest trees, is not unconstitutional as creating a special privilege.

To secure this exemption the landowner must have fairly complied with the conditions prescribed by the Act.

In the present case the trial court reached the conclusion that the plaintiff landowner had complied with the requirements of the Act and was entitled to the exemption claimed by him. *Held* that upon the facts as found this conclusion was fully warranted.

Courts will not declare a legislative Act void, unless it clearly and palpably violates some constitutional provision.

Argued May 5th—decided June 10th, 1915.

APPLICATION in the nature of an appeal from the refusal of the board of relief of the defendant town to erase from the plaintiff's tax list, as exempt from taxation, an item of eighteen acres of land added thereto by the assessors, brought to and tried by the Superior Court in Hartford County, *Gager, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The land in question consisted of eighteen and two-tenths acres situated at the southwest corner of Asylum Avenue and Steele Road in the town of West Hartford. In 1911 there was a controversy between Baker and the assessors of West Hartford with reference to the value which should be placed on this land. In February, 1912, the plaintiff addressed to the board of relief of the town of West Hartford a letter, which in part stated: "I have not decided to plant this land if the assessment is reduced to the figures I have given in and which I believe to be fair under the existing conditions." No reduction was made.

In April, 1912, the plaintiff made a contract with

C. A. Metzger and the Mt. Carmel Forestry and Nursery Company for the planting of pine trees on the above tract. This planting was to be made in the spring of 1912. In the spring of 1912 Metzger and the Forestry and Nursery Company planted upon this property twenty-two thousand, seven hundred pine and two thousand, eight hundred ash trees. These trees were forest trees, and were three year old transplants. They were proper for use in a tree plantation. They were planted at a distance of not more than six feet apart and in a proper manner.

In June, 1912, the plaintiff made an application to the State forester, in accordance with the provisions of chapter 205 of the Public Acts of 1911, asking him to examine his plantation. Baker also claimed an exemption from taxation of land under the provisions of this Act, and asked the State forester to issue to him a certificate to that effect. The State forester examined this plantation early in September, 1912. After a correspondence with the plaintiff and a conference with the Attorney-General, the State forester approved the manner in which the trees had been planted, and found that the same complied with the requirements of the Public Act of 1911, and on October 14th, 1912, issued to the plaintiff, as owner thereof, a certificate of exemption.

In October, 1912, the plaintiff presented this certificate of exemption to the assessors of the town of West Hartford. In the spring of 1913 a considerable number of these trees had died. The plaintiff caused the dead trees to be replaced by living trees. No replanting on this tract has been made since the spring of 1913. After the trees were so replaced in the spring of 1913 the living trees on this tract numbered about one thousand, four hundred to the acre, and were planted not more than six feet apart in a proper manner. Dur-

ing the summer of 1913 there was a severe drought, and many of the trees died. The winter of 1913 and 1914 was also severe, resulting in the destruction of some of the trees. On October 1st, 1913, there were as many trees living and in good condition as could reasonably be expected in view of the weather conditions which had prevailed during the summer of 1913. They numbered not less than nine hundred to the acre, and were quite unevenly distributed. The plaintiff up to the winter of 1913 and 1914 had done everything in his power to maintain a first-class tree plantation on his land. The trees were the kind approved by the State forester and other expert foresters. They were planted in the number and in the manner approved by the State forester and other expert foresters, for the purpose of making a first-class tree plantation. The heavy loss of trees in the spring and 'summer of 1913 was due entirely to the unprecedented weather conditions. Prior to the planting in 1912 the plaintiff had used the land for a pasture lot. Since the original planting in 1912 he has not used this land for any purpose except for the purpose of growing a tree plantation thereon. None of these trees were six feet high. This land was worth more than $25 per acre. The board of assessors of the town of West Hartford assessed this property on its list for October 1st, 1913, in the sum of $4,500. It was valued by the plaintiff at about $2,700. This land is not, at the present time and under the present conditions, salable for building purposes. Neither has it any substantial value for agricultural or other purposes. The land in question averages good for a tree plantation for a tract of its size. The trees planted were well adapted for the purpose for which they were used.

Upon the foregoing facts the court found the plaintiff had complied with the requirements of chapter 205 of the Public Acts of 1911; that on or before October 1st,

1913, he had made no change whatever in the use of the land described in the certificate of exemption, and has since made no change in such use; and that on October 1st, 1913, this land was exempt from taxation under the provisions of the statute of 1911.

*Stewart N. Dunning*, for the appellant (defendant).

*Ralph O. Wells*, for the appellee (plaintiff).

RORABACK, J. Numerous reasons of appeal assign errors in finding certain facts and in refusing to find other facts. The evidence is before us under § 797 of the General Statutes. Only two or three of these assignments were pursued in argument. None of them merit discussion; therefore the claims made for a correction of the finding are denied.

The defendant, in one of its reasons of appeal, claims that chapter 205 of the Public Acts of 1911 (p. 1479) is unconstitutional, as it provides a special privilege. In connection with this claim it is also urged that this Act is against public policy, as there is no corresponding public benefit. This Act, in part, provides (§ 1): "Any tract of land, consisting of one acre or more, hereafter planted with forest trees, in the proportion of not less than twelve hundred trees to the acre, and such planting having been approved by the state forester as hereinafter provided, and such tract being continued as a tree plantation, shall be exempt from all taxation, from and after the second day of October next following such planting, during the continuance of such tract as a wood or timber lot; provided, that such exemption shall not continue for a period of more than twenty years. . . . (§ 3) The state forester shall examine any tree plantation on request of the owner thereof claiming exemption from taxation thereon under the provisions

of this act, and if he approve the manner in which trees have been planted on such plantation and finds that the same complies with the requirements of this Act, he may issue to such owner a certificate to that effect, and, on presentation of such certificate to the assessors of the town in which such plantation is located, said lands shall be exempt from taxation as hereinbefore provided."

The spirit and letter of this statute is clear, direct and positive. It needs no extrinsic evidence to construe its meaning. The purpose of this legislation was to induce owners of land to plant their property with forest trees. As a reward for such action the property owner was to have his property so planted exempt from taxation. There is no constitutional provision which bears directly or indirectly upon this subject in Connecticut. In the case of *Norwalk* v. *New Canaan*, 85 Conn. 119, 124, 81 Atl. 1027, it is stated that taxes seldom bear equally upon all. "There is no constitutional provision, either expressed or implied, that taxation shall be equal and uniform. . . . It is for the legislature to determine what property shall be taxed. The statute in question has selected a class of property formerly exempt from taxation and made it subject to assessment. The plaintiff's property comes within the class. The plaintiff cannot complain because other like property subject to different uses, still remains exempt." See, also, *State* v. *Travelers Ins. Co.*, 73 Conn. 255, 262, 263, 47 Atl. 299. A rule of law, which must govern in a case like this, is that we cannot declare an Act of legislation void unless it clearly and palpably violates some constitutional provision. It is our duty to approach this question with great caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the Act unless we have a reasonable doubt as to its validity. *Beach* v. *Bradstreet*, 85 Conn.

344, 349, 82 Atl. 1030; *State* v. *Lay*, 86 Conn. 141, 145, 84 Atl. 522. The obvious purpose of the Act of 1911 is one in which every citizen of this State has an interest. Our woodlands protect sources of rivers and lesser streams. Upon our forests largely rests the beauty of our New England scenery. The lumbering industry of this State is one of vast importance to a locality whose forests have been rapidly disappearing. The power sought to be used in this case has long been exercised in Connecticut, and has remained unchallenged until the present controversy. In deciding whether in a given case, the object for which taxes are assessed falls upon the one side or the other of this line of public use, courts must be governed mainly by the course and usage of the government, the objects for which taxes have been customarily and by long course of legislation levied, and what objects or purposes have been considered necessary to the support and for the proper use of the government, whether State or municipal. Whatever lawfully pertains to this and is sanctioned by time and the acquiescence of the people may well be held to belong to the public use, and to be proper for the maintenance of good government, though this may not be the only criterion of rightful taxation. *Citizens Savings & Loan Asso.* v. *Topeka*, 87 U. S. (20 Wall.) 655, 665; *State ex rel. Eberle* v. *Clark*, 87 Conn. 537, 554, 89 Atl. 172; *Water Commissioners* v. *Curtis*, 87 Conn. 506, 511, 89 Atl. 189.

The power to prescribe what property shall be taxed implies the power to prescribe what property shall be exempt. *Wisconsin Central R. Co.* v. *Taylor County*, 52 Wis. 37, 8 N. W. 833; *Commonwealth* v. *Richmond & P. R. Co.*, 81 Va. 355; *Richmond* v. *Richmond & D. R. Co.*, 21 Gratt. (62 Va.) 604.

The Superior Court has found that the Act in question is constitutional, and that the plaintiff on and

before October 1st, 1913, had fully complied with the conditions and requirements of the Act of 1911. If these conclusions were correct, the plaintiff had the lawful right to allow his property to remain as a pasture lot, or to change it into a tree plantation. The election properly belonged to him, and his motive in making the change was unimportant. "Where there is a legal right to do a certain act, the motive which induces the exercise of the right is of no importance." *Fisher, Brown & Co.* v. *Fielding,* 67 Conn. 91, 106, 31 Atl. 714.

The defendant town also contends that it appears from the facts found that the plaintiff did not comply with the terms of the statute in question. To secure this exemption it should appear that the plaintiff fairly complied with the conditions of the statute under which the exemption was claimed. The plaintiff's land was reasonably adapted for a tree plantation. The size and character of the trees were approved by the State forester and other expert foresters. They were planted in number and manner which met with the sanction of competent and proper authorities. The plaintiff continued this tract of land as a tree plantation from the spring of 1912 until the commencement of this action in March, 1914. Before October 1st, 1913, he had made an application to the State forester, claiming the exemption of this land from taxation. This official, after an extensive inquiry and consultation with the Attorney-General of the State, issued a certificate of exemption in compliance with the law. It is not for us to determine whether or not the plaintiff may not forfeit his right to immunity from taxation by a failure to continue his property as a tree plantation in compliance with the Act of 1911. It is sufficient to say that under the conditions as they existed October 1st, 1913, the court below was fully warranted in reaching the con-

clusion that the plaintiff had fully complied with this legislative enactment, and that this land was exempt from taxation at that time.

There is no error.

In this opinion the other judges concurred.