NICHOLAS SALEMMA *v.* HENRY C. WHITE,
WELFARE COMMISSIONER

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued February 16—decision released April 25, 1978

*Bruce A. Morrison,* with whom, on the brief, was *Denise R. Johnson,* for the appellant (plaintiff).

*Michael A. Arcari,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

BOGDANSKI, J. This is an appeal from a judgment of the Court of Common Pleas sustaining the determination of a welfare department fair hearing officer that the plaintiff was liable to contribute $71.83 per month for the support of his mother, a recipient of aid to the disabled. That amount was determined in accordance with the legally liable relatives' support scale then in effect.[1]

The parties have stipulated that the transcript of the proceedings before the fair hearing officer, the memorandum of decision, and the applicable welfare policies be printed and made a part of the record. The evidence presented at the hearing reveals that the plaintiff, the head of a family of

---

[1] 1 Conn. Welfare Manual § 344.1 (effective Oct. 1, 1967).

three, had a gross monthly income of $667.33. The hearing officer determined that pursuant to the legally liable relatives' support scale, a family of three was to be allowed a $500 exemption from gross income for living expenses, regardless of actual expenses or outstanding indebtedness. The hearing officer then made the following computation to determine the plaintiff's expected contribution to the support of his mother:

```
Gross Income  ........$667.33
    Less     ............ 500.00  (standard living
                                   expenses
                                   exemption for 3
                         ———       people)
                         167.33
    Less     ............  23.66  (medical
                         ———       exemption)
Excess Income  .......$143.67
    Divided By ........      2
                         ———
Expected Contribution ..$ 71.83
```

On this appeal the plaintiff claims that the defendant commissioner established a scale for the determination of support contributions which was inconsistent with federal regulations and that the application of that scale violated the due process clause of the fourteenth amendment of the United States constitution by creating a conclusive or irrebutable presumption.

The aid to the disabled program was established by the Social Security Act of 1935. 42 U.S.C. §§ 1351–1355, repealed effective January 1, 1974, by P.L. 92-603, title III § 303 (a). At the time of the fair hearing, the program was financed in large

part by the federal government, with the funds being paid directly to the participating states.[2] Although the states were given broad discretion in determining the standard of need and the level of benefits, all matters relating to eligibility and resources were governed by federal law and regulations.

If a state chose to seek contributions from a legally liable relative, federal regulations required the state to establish regulations in conformity with federal guidelines as set forth in 45 C.F.R. (1976) § 233.20 (a) (3) (vi): "Income and Resources. . . . [I]f the State agency holds relatives responsible for the support of applicants and recipients, [it must] (a) include an income scale for use in determining whether responsible relatives have sufficient income to warrant expectation that they can contribute to the support of applicants or recipients, which *income scale* exceeds a minimum level of living and at least represents a minimum level of adequacy that *takes account of the needs and other obligations* of the relatives; and (b) provide that no request will be made for contributions from relatives whose *net cash income* is below the income scale. In family groups living together, income of the spouse is considered available for his spouse and income of a parent is considered available for children under 21." (Emphasis added.) The federal regulation ensured that the state sought support payments only from a relative who was actually able to contribute. Ability to contribute was to be realistically determined with due consideration

[2] On January 1, 1974, the disability and old age programs were completely federalized. Benefits are now paid directly to the recipient by the federal government, and the states have the option to supplement the benefit.

of the relative's needs, obligations and net cash income. In other words, federal regulations called for a scale which was flexible and realistic.

The welfare commissioner adopted a scale which failed to incorporate the requirements of 45 C.F.R. (1976) § 233.20 (a) (3) (vi). First, the scale failed to take "account of the needs and other obligations of the relatives." Second, the scale is based entirely on gross income, so that any consideration of "net cash income" was precluded. Because the commissioner's scale does not allow for individual needs and obligations as required by the federal regulation, the scale impermissibly conflicts with the federal regulation. See *Morgan* v. *White,* 168 Conn. 336, 344, 362 A.2d 505; see also *Shea* v. *Vialpando,* 416 U.S. 251, 94 S. Ct. 1746, 40 L. Ed. 2d 120.

Furthermore, by establishing a fixed scale which does not take into account the needs and other obligations of the relative, the commissioner created an irrebutable presumption that the relative's needs and obligations were met by the living allowance as set forth in the scale and that the "excess income" was available for support contributions.

"A presumption of law must be based upon facts of universal experience and be controlled by inexorable logic." *Ducharme* v. *Putnam,* 161 Conn. 135, 140, 285 A.2d 318, citing *Valentine* v. *Pollak,* 95 Conn. 556, 561, 111 A. 896. Irrebuttable presumptions are impermissible under the due process clause of the fifth and fourteenth amendments to the United States constitution when "not necessarily or universally true in fact, and when the State has reasonable alternative means of making the crucial determination." *Vlandis* v. *Kline,* 412 U.S. 441, 452, 93 S. Ct. 2230, 37 L. Ed. 2d 63; *Cleve-*

*land Board of Education* v. *La Fleur,* 414 U.S. 632, 644, 94 S. Ct. 791, 39 L. Ed. 2d 52. "Rather, standards of due process require that the State allow . . . the opportunity to present evidence [rebutting the presumption]." *Vlandis* v. *Kline,* supra. "This [United States Supreme Court] court has held more than once that a statute creating a presumption which operates to deny a fair opportunity to rebut it violates the due process clause." *Heiner* v. *Donnan,* 285 U.S. 312, 329, 52 S. Ct. 358, 76 L. Ed. 772.

The presumption created by the commissioner's legally liable relatives' support scale was conclusive as to the fact that a family of a certain size could live on the fixed living allowance set forth in the chart without regard to that family's needs and other obligations. It hardly needs to be said that such a presumption is "not necessarily or universally true in fact." *Cleveland Board of Education* v. *La Fleur,* supra. Thus, in requiring the plaintiff to contribute, the commissioner relied upon a presumption that may be contrary to fact even though he had alternative methods for determining how much money, if any, was actually available for support. Although it may be more convenient to presume than to prove, under the due process clause administrative convenience is insufficient to justify the presumption. *Vlandis* v. *Kline,* supra, 447; *Stanley* v. *Illinois,* 405 U.S. 645, 656–58, 92 S. Ct. 1208, 31 L. Ed. 2d 551; *Ducharme* v. *Putnam,* supra, 141.

To conclude, the fair hearing officer applied a scale which failed to conform with federal standards and which created an impermissible, irrebuttable presumption which constituted a deprivation of

property without due process of law. The court erred in affirming the decision of the fair hearing officer.

There is error, the judgment is set aside and the case is remanded for the rendition of a judgment returning it to the commissioner of social services[*] to be proceeded with according to law.

In this opinion the other judges concurred.

[*] Formerly the welfare commissioner.