[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the New Milford Trust for Historic Preservation, Inc., commenced this appeal on February 23, 1993. The plaintiff appeals the defendant Zoning Board of Appeals of the Town of New Milford granting of a variance of Article IV-V of the New Milford Zoning Regulations to allow for paving and parking of cars and the planting of trees and shrubs on the property of James R. Hulton and a similar variance for the property of Graham Wagenseil. On March 19, 1993, the defendant filed a motion to dismiss this action.
The motion to dismiss is provided for in Practice Book Sections 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book Section 143. "Although every presumption is to be indulged in favor of jurisdiction" LeConche v. Elligers, 215 Conn. 701, 710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action CT Page 4504 shall be dismissed." Practice Book Section 145. See also Castro v. Viera,207 Conn. 420, 429-30, 541 A.2d 1216 (1988).
The issue of standing implicates the court's subject matter jurisdiction. Middletown v. Hartford Electric Co., 192 Conn. 591, 595,473 A.2d 787 (1984). Standing focuses on the party seeking to be heard and not on the issues that party wants to have heard. Zoning Board of Appeals v. Planning Zoning Comm'n, 27 Conn. App. 297, 300, 605 A.2d 885
(1992). The question of standing does not involve an inquiry into the merits of the case. It merely requires allegations of a colorable claim of injury to an interest that is arguably protected by the statute in question. Ass'n of Data Processing Service Organizations, Inc. v. Camp,397 U.S. 150, 153 (1970); Ducharme v. Putnam, 161 Conn. 135, 139,285 A.2d 319 (1971).
In the defendant's memorandum in support of the motion to dismiss, the defendant contends that the plaintiff lacks standing to appeal because the plaintiff is not "statutorily" or "classically" aggrieved. Plaintiff on the other hand, contends that it is "classically" aggrieved.
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Assoc's v. Planning and Zoning Comm'n, 219 Conn. 303, 307, 592 A.2d 953 (1991). "The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373, 573 A.2d 1222 (1991).
Under General Statutes 8-8j, once a defendant attacks, by way of motion to dismiss, a plaintiff's standing to appeal a decision of a planning and zoning commission, the plaintiff has the burden to prove standing. In order to prove standing to appeal the decision of the Commission the plaintiff's must establish that they have been aggrieved by that decision. mere are two types of aggrievement, "statutory" and "classical." Pursuant to General Statutes 8-8(a), a person may be "statutorily aggrieved" and thus, derive standing to appeal if that person owns land which abuts or is within a radius of one hundred feet of the land involved in any decision of a zoning commission. General Statutes 8-8(a); Smith v. Planning and Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128
(1987).
General Statutes 8-8 also permits an appeal from a decision of a zoning authority by one aggrieved as a result of a contested decision. Compliance with the classical aggrievement requirement involves application of a twofold test: (1) the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the CT Page 4505 concern of all members of the community as a whole; (2) the party claiming aggrievement must establish that this specific, personal, and legal interest has been specifically and injuriously affected by the decision. Hall v. Planning Comm'n, 181 Conn. 442, 444, 435 A.2d 975
(1980).
Aggrievement is established if there is a possibility as opposed to a certainty that a legally protected interest has been adversely affected, Hall v. Planning Comm'n, supra, 445, however, mere generalizations and fears do not establish aggrievement. Caltabiano v. Planning Zoning Comm'n, 211 Conn. 662, 668, 560 A.2d 975 (1989).
The plaintiff does not allege statutory aggrievement. Thus, this court need only address the issue of "classical" aggrievement. plaintiff alleges that it is "classically" aggrieved. Specifically, the plaintiff's claim is that it was denied due process because of notice or failure to hold a public hearing. These allegations are unsubstantiated and contrary to the evidence. Notice as required under General Statutes8-3c was published on December 3, 1992 and again on December 10, 1992 in the New Milford Times. Notice of the granting of the applications was published on January 28, 1993 in the New Milford Times. In addition, a public hearing regarding the respective applications was held on December 16, 1992 and was continued to January 20, 1993 at which time both the plaintiff and its counsel appeared and commented on the application.
Moreover, the plaintiff's claims present no specific interest in the subject matter of the decision which is different from the community as a whole. It claims no special potential injury different from any other resident of the town.
Thus, the plaintiff's allegations and the proof submitted as to "classical" aggrievement in the present case is unconvincing, and therefore, the plaintiff has failed to satisfy either prong of the test for "classical" aggrievement.
The plaintiff has also alleged that the granting of the variances preempts review under Article VIII of the New Milford Zoning Regulations by the Review Committee which is comprised of members from the New Milford Historical Society and the New Milford Trust for Historic Preservation, Inc. The purpose of Article VIII of the New Milford Zoning Regulations is to preserve historic landmarks in the town. The granting of the variances does not in anyway affect or vary Article VIII of the zoning regulations. In addition the plaintiff again cannot show any specific injury to property or legal rights. Furthermore, any claimed injury must be more than speculative. Mere CT Page 4506 generalizations and fears do not establish aggrievement. Caltabiano v. Planning Zoning Comm'n, supra, 668.
The last allegation made by the plaintiff on the issue of aggrievement claims that the town's comprehensive plan and plan of development are not followed. This allegation can be construed as an opinion and certainly does not rise to a specific, personal legal interest that is different from the community as a whole. Moreover, the claim of failure to follow a town's comprehensive plan and plan of development does not form a basis to establish aggrievement, Bell v. Planning Zoning Comm'n of Westport, 174 Conn. 493, 496-97, 391 A.2d 154 (1978).
Accordingly, for the foregoing reasons the plaintiff's appeal is dismissed for lack of aggrievement.
PICKETT, J.