[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff seeks possession of a commercial building by reason of violations of certain terms of a written lease. The building in question is a shopping center with the defendant's premises currently used as a billiards parlor. The clause of the lease alleged to have been violated by the defendant is Article Eight which states "Tenant shall not allow loitering in the vicinity of the building." The named plaintiff is Turnpike Properties and the complaint refers to the plaintiff as the "managing agent for said shopping center." The lease, attached to and incorporated as part of the complaint, states that the CT Page 12061 landlord is "Katona Corner Shopping Center, acting by Samuel Roberts and Albert J. Kleban, as its duly authorized officers." The lease was signed "Landlord, Katona Corner Shopping Center by Samuel Roberts and by Albert J. Kelban." The Notice to Quit was signed by Turnpike Properties and Turnpike Properties is the only named plaintiff.
The defendants have filed a Motion to Dismiss pursuant to Practice Book § 143 claiming that the court does not have subject matter jurisdiction since the named plaintiff is the managing agent not the landlord.
The issue raised herein is whether a duly authorized agent of a landlord has standing to maintain a summary process action as the sole named plaintiff. The parties claim that this issue is of first impression in Connecticut.
A motion to dismiss shall be used to assert the lack of jurisdiction over the subject matter. Southport ManorConvalescent Center, Inc. v. Foley, 216 Conn. 11, 12 (1990). Jurisdiction over the subject matter cannot be waived or conferred by consent. Serrani v. Board of Ethics,225 Conn. 305, 308 (1993). When deciding a motion to dismiss the court's "inquiry usually does not extend to the merits of the case" Southport Manor Convalescent Center, Inc. v. Foley,
supra, p. 16. "The motion to dismiss . . . admits all well pleaded facts . . . the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins, 191 Conn. 222, 227
(1983). Subject matter jurisdiction has been defined as "the power of the court to hear and determine cases of the general class to which the proceedings in question belongs." Grantv. Bassmen, 221 Conn. 465, 470 (1992). Subject matter jurisdiction is proper "if the court has the authority to adjudicate a particular type of legal controversy." Plasilv. Tablemen, 223 Conn. 68, 71 (1993). Every presumption favoring jurisdiction shall be indulged. Conn. Light PowerCo. v. Castle, 179 Conn. 415, 421 (1980).
The Superior Court has subject matter jurisdiction over summary process action seeking possession of real property. Connecticut General Statutes § 47a-23, 47a-68, 51-348 and51-164s. Summary process procedure is a creature of statute requiring that its language be narrowly construed and strictly followed. Jo-Mark Sand and Gravel Co. v.Pantanella, 139 Conn. 598, 600-601 (1953); Vogel v. Bacus,
CT Page 12062133 Conn. 95, 97 (1946). Statutes are to be construed to give effect to the apparent intention of the lawmaking body.Peck v. Jacquemin, 196 Conn. 53, 63-65 (1985).
A defective Notice to Quit deprives the court of subject matter jurisdictions. Rosato v. Keller, 5 CLT 325, p. 18.Windsor Properties Inc. v. The Great Atlantic and Pacific TeaCompany, Inc. 35 Conn. Sup. 297, 301 (1979); Marrinan v.Hamer, 5 Conn. App. 101, 104 (1985). "As a condition precedent to a summary process action, a proper Notice to Quit is a jurisdictional necessity." Lampasona v. Jacobs,209 Conn. 724, 730 (1989). Therefore the Supreme Court and the Legislature have stated that special jurisdiction rules apply to summary process actions. Jefferson Garden Associates v.Greene, 202 Conn. 128, 143 (1987).
The Notice to Quit in this case was signed by Joseph F. Mulvey, Attorney for Landlord. An attorney may properly sign a Notice to Quit for the client. Webb v. Ambler, 125 Conn. 543,552-553 (1939). The Landlord and Tenant Act, Connecticut General Statutes § 47a-23, specifically authorizes an attorney-at-law to sign a Notice to Quit. The statute also grants such a power to the "owner or lessor or his legal representatives — or his attorney-in-fact." The Notice to Quit's signature paragraph states "Turnpike Properties, Landlords Agent by Joseph F. Mulvey, Attorney for Landlord." The defendants do not raise issue with the validity of the signature nor of the authority of either Turnpike Properties or Attorney Joseph F. Mulvey to execute and issue a Notice to Quit. Under the statutory authority of C.G.S. § 47a-23, Turnpike Properties, as the managing real estate agent for the Landlord or Joseph F. Mulvey as an attorney are authorized to execute and issue a Notice to Quit. EvergreenCorporation v. Brown, 35 Conn. Sup. 549, 550-551 (1978);Urban v. Prims, 35 Conn. Sup. 233 (1979).
The defendants are claiming that although Turnpike Properties may be the managing agent for the landlord, and by statute authorized to execute and issue a Notice to Quit, they have no standing in regards to the property and are not the proper plaintiff. Defendants claim this lack of standing deprives the court of subject matter jurisdiction. They cite no housing or eviction cases for this for this proposition but instead rely on general cases on standing. CT Page 12063
Standing goes to the court's subject matter juridiction [jurisdiction].Balance Rock Condominium Association v. Pinarer, 10 CONN. L. RPTR. No. 11, 338 (January 3, 1994). "Standing is not a technical rule intended to keep aggrieved parties out of court: nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the right others are forged in hot controversy with each view fairly and vigorously represented." Reitzer v. Board of Trustees ofState Colleges, 2 Conn. App. 196, 199 (1984). "The question of standing does not involve an inquiry into the merits of the case. It merely requires the plaintiff to make allegations of a colorable claim of injury to an interest which is arguably protected or regulated by the statute or constitutional guarantee in question. Ducharme v. Putnam,161 Conn. 135, 139 (1971). "These two objectives are ordinarily held to have been met when a complaint makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity."Maloney v. Pac, 183 Conn. 313, 320-321 (1981).
With these general concepts of standing in mind the defendants point the court to the language of Second ExeterCorporation v. Harold Epstein, 5 Conn. App. 427 (1985). There the Appellate Court found that a collection agent had no standing to bring an action in its own name to collect sums due its client under an equipment lease. The court found that an assignee of a chose in action may sue in his own name because he stands in the shoes of the assignor and a trustee may sue because he has possession and a right to continue in possession of the trust res i.e. generally legal title. Second Exeter Corporation v. Epstein, supra p. 430.
The Second Exeter case is not on point. In both the examples given, Connecticut General Statutes give trustees the right to sue in their own name, C.G.S. 52-106, and assignees of choses in action to sue in their own name,C.G.S. § 52-118. There is no statute authorizing a collection agent to sue in its own name on behalf of a creditor client.
On the other hand C.G.S. § 47a-23 does grant to managing agents of real estate the power to commence summary process action by executing and issuing a Notice to Quit. By implication C.G.S. § 47a-23 grants additional power to a CT Page 12064 landlord's legal representative. The statute commences with the following language, "When an owner or lessor, or his legal representative, or his attorney at law or in fact desires to obtain possession or occupancy of any land or building —." It is therefore apparent to this court that the plaintiff, as the managing agent for real estate for the non party landlord, has alleged a colorable claim of injury by reason of the defendant's lease violations and that the named plaintiff is suing in a representative capacity.
This conclusion is buttressed by two Housing Court cases which discuss this subject, neither of which case directly ruled on standing. Arco Management Corp. v. David B. Sperryand Jacqueline Smith, SPNH 8201-719WH (February 4, 1981). (Superior Court, Housing Session/New Haven-Waterbury Vol. I, NH-27) (Foti J.) ruled on a Motion to Strike that a duly authorized management agent for the owner of record of the premises may bring a summary process action on behalf of its principal. In Arco the lease stated that Terrace Heights Apartments was the owner. It appears from the decision, although not specifically stated, that the owner was not named as a party plaintiff. There was no allegation that the owner assigned any rights to the named plaintiff, Arco Management Corp. The complaint alleged "the plaintiff is the duly authorized management agent for the owner of record of the premises. . ." The court held that since agency was pleaded a sufficient legal relationship was alleged.
In a trial decision, Judge West ruled that one of the special defenses that the named plaintiff had no standing was not established by the evidence. In Tartaglia v. RACCorporation d/b/a Glenwood Liquor Locker SPBR 8606-08205 April 16, 1987) (Superior Court Housing Session, Bridgeport-Norwalk, Vol. III SNBR 290) (West J.) the named plaintiff, Tartaglia, was the agent of the owners of a shopping center in Bridgeport. It appears from the decision that the owners of the shopping center entered in a lease with the defendant and the owners were not parties to the subsequent eviction action. The plaintiff presented evidence that he was the legal representative of the owner. The court held that the defendant failed to sustain its burden of proof on its standing special defense by rebutting what the court found to be plaintiff's credible evidence as to its status as an agent. Citing no authority other than C.G.S. § 47a-23, the court found the issues raised in the standing special defense CT Page 12065 for the plaintiff agent although judgment was rendered for the defendant tenant on other unrelated grounds.
The defendant further argues that the relief requested by the Turnpike Property's complaint, "a judgment of immediate possession," cannot be granted to the plaintiff since the named plaintiff has not alleged any ownership or possessory interest in the premises superior to the leasehold possessory interest of the tenant. This issue requires the court to either examine facts not alleged in the complaint or render a decision on the ultimate issues in this case. Neither of these actions are permitted to be considered by the court in a Motion to Dismiss. Southport ManorConvalescent Center, Inc. v. Foley, supra p. 16. The plaintiff's argument in this regard is that the plaintiff do not have the "legal interest" necessary to maintain an eviction action. Considerations of legal interests relate to the merits of the case and not proper considerations in a Motion to Dismiss. Considerations of legal interests goes to the merits whereas on the issue of standing the pleadings must meet the two prong test of Maloney v. Pac, supra 320-321; Ducharme v. Putnam, supra p. 139.
The principal issue in a summary process action is who is entitled to possession. Rosa v. Cristina, 135 Conn. 364,365 (1949); Chomko v. Patmon, 19 Conn. App. 483, 486 (1989). The court may consider in determining that issue, the relationship between the parties, the existence or nonexistence of a landlord-tenant relationship as well as the title to the property. Chomko v. Patman, supra p. 487.Bridgeport v. Barbour-Daniel Electronics Inc., 16 Conn. App. 574,581 (1988); Filosi v. Hawkins, 1 Conn. App. 634, 635
(1984); Southland Corporation v. Vernon, 1 Conn. App. 439,455, (1984). Whether or not the plaintiff cannot sustain its burden of proof as the managing agent for the owner of the premises shall be left to trial. The plaintiff, Turnpike Properties as managing agent for the landlord has standing to bring this summary process action.
The landlord, owner of the premises, can still be joined as a party plaintiff pursuant to C.G.S. 52-102, 52-103,52-107 and 52-108 upon a proper motion filed by either of the two parties. It may be then that the issue raised by the defendant in their Motion to Dismiss may be rendered moot. CT Page 12066
The court notes that a copy of the lease has been filed with the court as Exhibit B of the complaint pursuant to Practice Book § 141. Article Thirty Seven of the lease states "In any case where a dispute arises under this lease, the parties hereto agree that said dispute shall be settled by arbitration to take place in Bridgeport, Connecticut in accordance with the procedural rules then pertaining of the American Arbitration Association or any successor thereto." The issue in this matter regards a determination whether or not Article Eight of the lease was violated by allowing loitering in the vicinity of the building and whether or not certain notice provisions required by law and the lease have been followed. The arbitration clause appears to cover such a dispute.
Such an arbitration clause may fall within the province of C.G.S. § 52-408 et seq. The Superior Court has the power under C.G.S. § 52-409, upon motion of any party to the arbitration agreement, to stay the action and proceeding until an arbitration has been had in compliance with the agreement. Arbitration is favored and court should defer to this alternative method of dispute resolution if the controversy falls within the arbitration agreement. AmericanUniversal Ins. Co. v. DelGreco, 205 Conn. 178, 185 (1987)White v. Kampner, 229 Conn. 465, 471 (1994).
Although neither party raised the issue of arbitration for the courts review, the court is bound to consider such an issue pursuant to C.G.S. § 52-408 et seq.
The Motion to Dismiss is denied.