[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 17, 1985, the defendant, Paul Leon Durrant, entered a plea of guilty to one count of possession of a narcotic substance, in violation of § 21a-279a of the Connecticut General Statutes.
The guilty plea entered, consistent with the doctrine ofNorth Carolina v. Alford was accepted, and a finding of guilty was entered.
The defendant received an eighteen month suspended sentence, CT Page 1011 and was placed on probation for a period of three years. The probation period has expired.
Nearly twelve years later, on October 30, 1997, the defendant, Paul Leon Durrant, filed a motion to vacate the judgment of guilty, pursuant to § 54-1j of the Connecticut General Statutes.
The defendant claims that he is facing deportation proceedings, based upon the December 17, 1985 conviction, a claim which the state does not contest.
Therefore, the defendant has met the threshold requirement of demonstrating that he may suffer one of the enumerated consequences contained in § 54-1j (a), and has standing to pursue this motion seeking to vacate the judgment.
The matter was argued on January 13, 1998. Simultaneous briefs were received on January 23, 1998.
In his motion, the defendant asks the court to vacate the judgment of guilty, claiming that "the court instruction on possible immigration and naturalization ramifications of [a] guilty or nolo contendere plea, as required by C.G.S. § 54-1j, are presumed not to have been given by the court to the defendant on account of the lack of a transcript record of the same."
The motion further contends: "In the absence of a transcript of said proceedings, pursuant to C.G.S. § 54-1j, the requisite instructions are presumed not to have been given."
No where in the body of the motion does the defendant allege that the advisement mandated by § 54-1j was not in fact given by the court.
No testimony was received on January 13, 1998, nor was any requested at that time. The face of the defendant's motion, dated October 30, 1997, does not reflect a request for testimony.
It is stipulated that no transcript of the December 17, 1985 proceedings exists.
The defendant's motion relies upon the presumption contained in § 54-1j prior to the statute being amended in 1997. The CT Page 1012 specific provision reads: "In the absence of a record that the court provided the advice required by this section, the defendant shall be presumed not to have received the required advice."
Prior to October 1, 1997, § 54-1j of the Connecticut General Statutes reads as follows:
"(a) The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceedings unless the court advises him of the following: `If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.'
"(b) The defendant shall not be required at the time of the plea to disclose his legal status in the United States to the court.
"(c) If the court fails to advise a defendant as required by subsection (a) of this section and the defendant later at any time shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw his plea of guilty or nolo contendere, and enter a plea of not guilty. In the absence of a record that the court provided the advice required by this section, the defendant shall be presumed not to have received the required advice."
Public Act 97-256 (6) made two changes to the statute.
First, it provided that a motion must be brought not later than three years after a plea of guilty or nolo contendere is accepted by the court.
The Public Act also eliminated the final sentence of subsection (c), thus eliminating the presumption created by the absence of a transcript.
Public Act 97-256 (6) reads as follows:
"(c) If the court fails to advise a defendant as required in subsection (a) of this section and the defendant [later at any time] NOT LATER THAN THREE YEARS AFTER THE ACCEPTANCE OF THE PLEA CT Page 1013 shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. [In the absence of a record that the court provided the advice required by this section, the defendant shall be presumed not to have received the required advice.]"
The record reveals that the defendant's motion was not brought within three years of the acceptance of his plea.
The question presented is whether the statutory changes which became effective on October 1, 1997, should apply to the facts in this case.
The defendant argues that any changes in the language of § 54-1j are prospective only, and should not be given retrospective effect.
The state orally argued that both the three year limitation specified in the amendment and the elimination of the presumption should be given retrospective effect.
In its brief, however, the state declined to pursue, without conceding its position, that the three year limitation was applicable to this case.
Public Act 97-256 (6) limited the time within which a defendant might avail himself of the mandatory provisions of § 54-1j. By eliminating the open-ended phrase "at any time" and replacing it with the language "not later than three years after the acceptance of the plea," the General Assembly has imposed a statute of limitations upon those seeking to vacate a judgment.
Statutes of limitation are generally considered to be procedural and, as such, are presumed to apply to all actions, absent a clearly expressed intention to the contrary. Loew'sEnterprises. v. International Alliance of T.S.E.,127 Conn. 415, 418 (1941); Schurgast v. Schumann, 156 Conn. 471,486 (1968).
Connecticut courts have recognized, however, a distinction between civil and criminal cases, and have held that the principle has limited application in criminal law. State v.CT Page 1014Paradise, 189 Conn. 346, 351 (1983).
Statutes of limitation in criminal cases must be liberally construed in favor of the accused, and are not to be given retrospective effect absent language demonstrating a clear legislative intent that the statute have retrospective effect.State v. Crowell, 228 Conn. 393, 397 (1994).
Applying these principles to the case at bar, the three year limitation incorporated into § 54-1j by the adoption of Public Act 97-256 (6) will not be given retrospective effect.
In addition to creating a statute of limitation, Public Act 97-256 (6) eliminated the statutory presumption which required a court to presume that the advice contained in § 54-1j had not been given in the absence of a record.
A presumption is a rule of evidence which assumes a fact to be true, without direct proof of that fact. Morford v. Peck,46 Conn. 380, 385 (1878). While conclusive or irrebuttable presumptions violate the due process clause of the fifth andfourteenth amendments to the United States Constitution when the party against whom the presumption operates is denied a reasonable alternative means of making the crucial determination through the introduction of other evidence; Salemma v White,175 Conn. 35, 39-40 (1978); rebuttable presumptions are recognized and utilized as legitimate rules of evidence. State v. Arroyo,180 Conn. 171, 175 (1980); Koops v. Gregg, 130 Conn. 185, 188-89
(1943).
Public Act 97-256 (6) did not effect a change in substantive law. Instead, it eliminated a rule of evidence, the purpose of which was designed to aid a party in making a prima facie case.
Section 55-3 of the Connecticut General Statutes does not assist the defendant in this case. That statute provides:
 No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation shall be construed to have a retrospective effect.
The obligations referred to in § 55-3 are those of substantive law. Nagle v. Wood, 178 Conn. 180, 186 (1979). The statute, which embodies a rule of presumed legislative intent, CT Page 1015 has been construed to require that statutes affecting substantive rights apply prospectively only. Darak v. Darak, 210 Conn. 462,467 (1989); Westport v. State, 204 Conn. 212, 219 (1987).
This rule does not apply, however, to legislation which is general in its terms, affects only matters of procedure, and does not impose new obligations or affect the substantive rights of the parties. Schurgast, supra, 487; Toletti v. Bidizcki,118 Conn. 531, 536 (1934); Beach v. Regional School District Number 13,42 Conn. App. 542, 547 (1996).
In this case, the elimination of the presumption does not affect the right of an eligible defendant to seek relief pursuant to § 54-1j. It merely alters the method of proof and requires evidence in order to demonstrate that a defendant is entitled to the remedy contained in the statute.
The defendant urges that the elimination of the presumption should not be accorded retrospective application consistent in Inre Daniel H., 237 Conn. 364 (1996).
The defendant's claim is not persuasive.
In re Daniel H. involved repeal of an immediate right to appeal an order transferring a case from the Juvenile Court docket to the regular docket of the Superior Court.
The court specifically held that removal by the legislature of the immediate right to appeal the transfer was a substantive change in the law, based upon the public policy of shielding juveniles from criminal liability except in clearly circumscribed situations. In re Daniel H., supra, 373-74.
No such compelling public policy is presented here. The defendant is free to introduce evidence, call witnesses, and point to the absence of a transcript in order to convince the trier of fact that the advice required by § 54-1j was not given at the time the plea was entered.
Furthermore, the state or the defendant may introduce the criminal information form appended to the motion. Since this information constitutes a judicial record, it is presumed, unless the contrary appears, that every act recited in the information was properly performed. State v. Lenihan, 151 Conn. 552, 555
(1964). An information, properly authenticated, would appear to CT Page 1016 have been made in the regular course of business, it was the regular course of business to make the record, and the record was made reasonably contemporaneous with the event in question, or at the time of the event. Therefore, it would appear to qualify as a business record within the meaning of § 52-180 of the Connecticut General Statutes.[1]
The information form in this case discloses that the court made a finding that the plea was entered with "full understanding of the consequences" by the defendant.
Although, by no means conclusive, this constitutes some evidence that the advice requires pursuant to § 54-1j was provided to the defendant.
No evidence has been presented to demonstrate that the defendant did not receive the required advice. The defendant, in his motion, relies exclusively upon the presumption contained in § 54-1j prior to October 1, 1997.
Because the elimination of the presumption is entitled to retrospective effect, and applies to this case, the defendant's motion to vacate judgment and guilty plea is DENIED.
Radcliffe, J.